WARNING: **THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii



**SEALED**
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jul 18, 2022
Pam Hartman Beyer, Clerk of Court

SARA D. AYABE #9546
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Sara.ayabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAG. NO. 22-1229 RT |
| | ) |
| Plaintiff, | ) CRIMINAL COMPLAINT; |
| | ) AFFIDAVIT |
| v. | ) |
| | ) |
| SAMUELA TUIKOLONGAHAU, JR. | ) |
|     aka "Samuela Latu Jr. Tuikologahau," | ) |
|     aka "Samu," | ) |
| | ) |
| Defendant. | ) |

CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

Count 1
Bank Fraud
(18 U.S.C. § 1344)

1. On or about August 11, 2020, within the District of Hawaii, SAMUELA TUIKOLONGAHAU, JR., did knowingly execute, and attempt to execute, a scheme and artifice to obtain monies, funds, credits, assets, securities, and other property owned by and under the control and custody of Credit Union 1, a financial institution whose deposits are insured by the National Credit Union Administration, by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, was in substance as follows:

2. It was part of the scheme and artifice that TUIKOLONGAHAU obtained a counterfeit cashier's check and uttered the check at Auto X-Change, Inc. The check purported to be a Credit Union 1 cashier's check, contained an invalid check number, and was made payable to Auto X-Change Motorcars, Corp. The check TUIKOLONGAHAU presented at Auto X-Change, Inc. purported to be a legitimate cashier's check drawn on Credit Union 1's account, when, in fact, as TUIKOLONGAHAU knew, the check was counterfeit.

3. On or about August 11, 2020, in the District of Hawaii, TUIKOLONGAHAU did knowingly execute, and attempt to execute, the aforesaid

scheme and artifice to defraud Credit Union 1 by presenting the cashier's check (#0005989199), in the amount of $36,000 at Auto X-Change, Inc. as payment for a vehicle.

All in violation of Title 18, United States Code, Sections 1344(2).

## Count 2
### Aggravated Identity Theft
### (18 U.S.C. § 1028(A))

On or about August 11, 2020, in the District of Hawaii during and in relation to the felony offense of bank fraud as charged in Count 1, a violation under Title 18, United States Code, Section 1344, SAMUELA TUIKOLONGAHAU, JR., the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the name, address, and driver's license number of R.S., knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

## Counts 3-5
### Bank Fraud
### (18 U.S.C. § 1344)

1.  On or about December 11, 2020, within the District of Hawaii, SAMUELA TUIKOLONGAHAU, JR., did knowingly execute, and attempt to execute, a scheme and artifice to obtain monies, funds, credits, assets, securities, and other property owned by and under the control and custody of Bank 1, a financial institution whose deposits are insured by the Federal Deposit Insurance

Corporation ("FDIC"), by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, was in substance as follows:

2.  It was part of the scheme and artifice that TUIKOLONGAHAU obtained counterfeit cashier's checks and uttered the checks at the cashier's office of the State of Hawaii First Circuit Court. The checks purported to be Bank 1 cashier's checks, contained an incorrect account number, and were made payable to the First Circuit Court. The checks TUIKOLONGAHAU presented at the First Circuit Court purported to be legitimate cashier's checks drawn on Bank 1's account, when, in fact, as TUIKOLONGAHAU knew, the checks were counterfeit.

3.  On or about the dates set forth below, in the District of Hawaii and elsewhere, SAMUELA TUIKOLONGAHAU, JR., did knowingly execute, and attempt to execute, the aforesaid scheme and artifice to defraud Bank 1 by conducting the following transactions with each such transaction constituting a separate count of this complaint:

| COUNT | DATE | NATURE OF TRANSACTION | FINANCIAL INSTIUTION |
|---|---|---|---|
| 3 | 12/11/20 | Uttered forged check in the amount of $760,000 | Bank 1 |
| 4 | 12/11/20 | Uttered forged check in the amount of $40,000 | Bank 1 |
| 5 | 12/11/20 | Uttered forged check in the amount of $50,000 | Bank 1 |

All in violation of Title 18, United States Code, Section 1344.

<u>Counts 6-8</u>
Bank Fraud
(18 U.S.C. § 1344)

1. On or about December 10, 2020, and continuing through on or about December 15, 2020, in the District of Hawaii and elsewhere, SAMUELA TUIKOLONGAHAU, JR., did knowingly execute, and attempt to execute, a scheme and artifice to obtain monies, funds, credits, assets, securities, and other property owned by and under the control and custody of Bank 1, Bank 2, and Bank 3 (together, the "Financial Institutions"), all banks with deposits insured by the Federal Deposit Insurance Corporation ("FDIC"), by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice, and the execution thereof, was in substance as follows:

2. SAMUELA TUIKOLONGAHAU, JR. knowingly used, without lawful authority, means of identification of another person to open, or cause to be opened, an account over the internet at Charles Schwab. TUIKOLONGAHAU would then deposit counterfeit and altered checks into that account, knowing he was not entitled to the money. TUIKOLONGAHAU would also make, and attempted to make, wire transfers into that account from another account, knowing he was not entitled to the money.

3. On or about the dates set forth below, in the District of Hawaii and elsewhere, SAMUELA TUIKOLONGAHAU, JR., did knowingly execute, and attempt to execute, the aforesaid scheme and artifice to defraud the Financial

5

Institutions by conducting the following transactions with each such transaction constituting a separate count of this complaint:

| COUNT | DATE | NATURE OF TRANSACTION | FINANCIAL INSTIUTION |
|---|---|---|---|
| 6 | 12/14/20 | Deposited an altered or forged check in the amount of $308.90 | Bank 2 |
| 7 | 12/14/20 | Deposited an altered or forged check in the amount of $2,500 | Bank 3 |
| 8 | 12/14/20 & 12/15/20 | Wired or attempted to wire $100,000 | Bank 1 |

All in violation of Title 18, United States Code, Sections 1344(2).

Count 9-11<br>
Aggravated Identity Theft<br>
(18 U.S.C. § 1028(A))

On or about the dates set forth below with respect to each count, in the District of Hawaii and elsewhere, during and in relation to the felony offense of bank fraud as charged in Counts 6, 7, 8, a violation under Title 18, United States Code, Section 1344, SAMUELA TUIKOLONGAHAU, JR., the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another actual person, namely:

| COUNT | DATE | NATURE OF ACT | MEANS OF IDENTIFICATION USED | RELATED BANK FRAUD OFFENSE |
|---|---|---|---|---|
| 9 | 12/14/20 | Deposited an altered or forged check | Name, date of birth, and signature of N.G. | Count 6 |
| 10 | 12/14/20 | Deposited an altered | Name, date of birth, | Count 7 |

|    |                       | or forged check                   | and signature of N.G.                                            |         |
|----|-----------------------|-----------------------------------|------------------------------------------------------------------|---------|
| 11 | 12/14/20 & 12/15/20   | Wired or attempted to wire money  | Name, date of birth, and social security number of N.G.          | Count 8 |

All in violation of Title 18, United States Code, Section 1028A.

I further state that I am a Special Agent of the United States Secret Service, and that this Complaint is based upon the facts set forth in the following affidavit, which is attached hereto and made part of this Complaint by reference.

DATED: July 18, 2022, Honolulu Hawaii.

Jacob Obermiller
Special Agent
United States Secret Service

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b) on July 18, 2022, at Honolulu Hawaii.

Rom A. Trader
United States Magistrate Judge

United States v. Samuela Tuikolongahau, Jr.
Criminal Complaint
Mag. No. 22-1229 RT

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, JACOB OBERMILLER, after being duly sworn, deposes and states as follows:

1. I am employed as a Special Agent ("SA") with the Department of Homeland Security, USSS assigned to the Honolulu Field Office, Hawaii Pacific - Cyber Fraud Task Force. I have been employed by the USSS since September 2017. In this capacity, I am responsible for investigating violations of federal criminal law, particularly those laws found in Title 18 of the United States Code and relating to financial institution fraud, computer fraud, credit card fraud, identity theft, and counterfeit currency. I have received formal training at the Federal Law Enforcement Training Center and the USSS James J. Rowley Training Center. My training includes, but is not limited to, various investigative techniques and tactics regarding financial & computer crimes, including credit card fraud, identity theft, illegal methods used to obtain credit cards, bank loans, and other lines of credit, and methods used to launder and conceal the proceeds.

2. The information contained in this affidavit is based on my personal knowledge, my training and experience, information obtained from other law enforcement personnel, victims and witnesses. This affidavit is intended merely to show that there is probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts as set forth in this affidavit, and my training and experience, there is probable cause to believe that SAMUEL TUIKOLONGAHAU, JR. ("TUIKOLONGAHAU"), aka "Samuela Latu Jr Tuikologahau," aka "Samu," the defendant, committed violations of Title 18, United States Code, Sections 1028A and 1344.

## PROBABLE CAUSE

*The Auto X-Change, Inc. Incident Using R.S.'s Means of Identification (Counts 1-2)*

4. On August 11, 2020, a male identifying himself via Hawaii Driver's License as R.S., purchased a Land Rover from Auto X-Change located at 1621 Kalakaua Ave, in the District of Hawaii. The male, who was later identified as TUIKOLONGAHAU, paid for the vehicle with a check that purported to be a Credit Union 1 cashier's check (#0005989199) in the amount of $36,000.00. TUIKOLONGAHAU presented a counterfeit State of Hawaii Driver's License with the name, address, and driver's license number of R.S. The driver's license had TUIKOLONGAHAU's picture. TUIKOLONGAHAU left with the Land Rover after completing the purchase.

5. On August 12, 2020, Auto X-Change Sales Manager S.C. contacted Credit Union 1 to verify the check but was told it was not legitimate. HPD Officer Kenneth Armour contacted Credit Union 1 Service Supervisor M.K., who inspected the cashier's check. M.K. stated it was not legitimate due to an invalid

2

check number and incorrect coloring and font.

6. S.C. reported to investigators that the male depicted on the Hawaii Driver's License is the same male that purchased the Land Rover. An investigator viewed a copy of that Hawaii Driver's License and recognized the male in the photograph as TUIKOLONGAHAU.

7. Investigators contacted R.S., who confirmed that he did not purchase a vehicle from Auto X-Change. R.S. also confirmed that he did not give authorization to TUIKOLONGAHAU for TUIKOLONGAHAU to use R.S's means of identification, including his name, address, and driver's license number.

8. At all times relevant to this Complaint, Credit Union 1 was a financial institution as defined by 18 U.S.C. § 20 and insured by the National Credit Union Administration.

***The State of Hawaii First Circuit Court Incident (Counts 3-5)***

9. On December 11, 2020, TUIKOLONGAHAU entered the State of Hawaii First Circuit Court located at 777 Punchbowl St., Honolulu, HI 96813 and provided the cashier's office with what purported to be three Bank 1 cashier's checks:

   a. Check #1000075484 was in the amount of $760,000, paid to the order of the First Circuit Court.

   b. Check #1000075485 was in the amount of $40,000, paid to the order

      of the First Circuit Court.

    c. Check #1000075486 was in the amount of $50,000, paid to the order of the First Circuit Court.

10. TUIKOLONGAHAU informed the cashier he was using the funds to post bail for the following persons: Gary Dean McCormick Fesagaiga ("McCormick Fesagaiga"), Jennifer Lees ("Lees") and Matthew Chung ("Chung"). At the time of this incident, all three parties were being held in Oahu Community Correctional Center ("OCCC"). TUIKOLONGAHAU completed and signed all necessary paperwork to post bail for their release.

11. TUIKOLONGAHAU self-identified himself to the cashiers' office via a photograph of his State of Hawaii ID card that was on his cell phone, which listed his name as "Samuela Latu, Jr Tuikolongahau" and the address of "94-125 Pahu St., Apt 33, Waipahu, HI 96797." TUIKOLONGAHAU signed bail receipts for the three individuals printing the name "Samuela Latu Jr, Tuikolongahau," the address of "94-125 Pahu St 33 Waipahu, HI 96797," the telephone number of 808-285-1376, and his State of Hawaii ID number. The address and phone number provided by TUIKOLONGAHAU were the same address and phone number that were used to open up the Charles Schwab account discussed *infra*.

12. At this time, the cashier's office was unable to verify the checks as legitimate and informed TUIKOLONGAHAU that he would not be able to post

4

bail for release for McCormick Fesagaiga, Lees and Chung.  TUIKOLONGAHAU collected the Bank 1 cashier's checks and left the area.

13. Investigators recovered the video footage of TUIKOLONGAHAU interacting with the cashier's office during this incident.

14. On December 14, 2020, State of Hawaii Financial Services Director T.G. corresponded, via email, with Bank 1 Vice President Investigator A.S., who confirmed all three Bank 1 cashier's checks were counterfeit.

15. On May 18, 2021, this affiant corresponded with A.S., who stated in substance and in part that the reason for the checks being counterfeit was due to no remitter being listed and the account number on the checks were incorrect.  A.S. added that Bank 1 uses two unique accounts for cashier's checks and not a personal and/or business account belonging to a customer.  The account listed on the 3 cashier's checks (XXXXXX4995) belongs to Anika Therapeutics INC., the same company and account number in the Charles Schwab incident discussed below.

***The Charles Schwab Incident Using N.G.'s Means of Identification (Counts 6-11)***

16. On or about December 10, 2020, a Charles Schwab account (#5917-4502) was applied for online, and then opened on or about December 11, 2020, using the following information:

5

    Name:   N.G.
    Address:  94-125 Pahu St., Apt 33, Waipahu, HI 96797
    DOB: XX-XX-1987
    SSN:  XXX-XX-1376
    Phone:  808-285-1376
    Email:  grosso96825@gmail.com

a. The address listed above is associated with TUIKOLONGAHAU, who has used that address for his Hawaii Driver's License.

b. The date of birth listed above is the actual date of birth of N.G.

c. The social security number listed above contained the first five digits of N.G.'s actual social security number, but the last four digits were incorrect.

d. The phone number (808) 285-1376 was listed to N.G. under Verizon account 773699022-1 and contained the address referenced above. N.G. would later state that he did not create this account. TUIKOLONGAHAU has used and listed this phone number in other incidents, including the First Circuit Court incident previously described.

e. The email address grosso96825@gmail.com was created on October 2, 2020 and listed to N.G.  N.G. would later state he did not create this email address.

f. This affiant believes that TUIKOLONGAHAU opened, or caused to be opened, this account based on the information set forth in this

6

affidavit.

17. On or about December 14, 2020, Charles Schwab account # 5917-4502 received the following two check deposits:

   a. A Bank 2 check (#356517) issued by Ivy K Realty, LLC, with N.G. as the purported payee, for $308.90. This check was endorsed with N.G.'s purported signature on the back of the check. This check was later determined to be counterfeit by K.Y. of Ivy K Realty, LLC. K.Y. stated that the payee had been altered to reflect N.G.'s name instead of the actual payee for this check, Takase Doors & Service LLC.

   b. A Bank 3 check (#205631) issued by Honolulu Star-Advertiser, with N.G. as the purported payee, for $2,500.00. This check was endorsed with N.G.'s purported signature on the back of the check. This check was later determined to be counterfeit by R.C.S. of Honolulu Star-Advertiser. R.C.S. stated that the payee had been altered to reflect N.G.'s name instead of the actual payee for this check, 3piko LLC.

   c. This affiant believes that these deposits were made or caused to be made by TUIKOLONGAHAU based on the information set forth in this affidavit.

18. On or about December 14 and 15, 2020, TUIKOLONGAHAU made

or attempted to make a wire transfer of $100,000 from Bank 1 account XXXXXX4995, belonging to Anika Therapeutics INC., to the Charles Schwab account #5917-4502. A printout of the transaction detail for Schwab account #5917-4502 showed that $100,000 was transferred into and then out of account #5917-4502. The wire transfer appeared unsuccessful.

19. Charles Schwab provided five separate incoming customer service telephone conversations that occurred on December 14 and 15, 2020 relating to account #5917-4502.

    a. The first four calls are from a male attempting to conduct business with Charles Schwab, impersonating N.G. The male party calls from (808) 285-1376, the same number that TUIKOLONGAHAU provided on other occasions, including in the First Circuit incident previously described. The male party has similar voice and speech patterns to known TUIKOLONGAHAU audio recordings.

    b. In the first call, on or about December 14, 2020, the male party states, in substance and in part, that he wants to inquire about a "transfer that I just made." The male explained that it was an "external transfer from a [Bank 1] account," and indicated that he had transferred over "a hundred thousand" into his Charles Schwab account. To verify this account, the male provided the email address

grosso96825@gmail.com and referenced "Anika Therapeutics" when asked for an employer name. When asked what the approximate account balance was prior to the transfer being initiated, the male responded, "two thousand eight hundred something." The customer service representative informed the male that the transfer was pending because there was a home or legal address discrepancy, and the social security number could not be verified. The customer service representative explained that he would bring on their security team to clarify those items. At the end of the call, the male explained that he was looking to open the account he had referenced earlier in the call in the event that he needed to "bail or bond someone out." In a subsequent call with a different customer service representative, the male party provided the actual social security number of N.G.

c. On or about December 15, 2020, N.G. calls from his legitimate phone number. During this call, N.G. reports to the Charles Schwab customer service representative that he had received an email from Charles Schwab notifying him that changes were made to his Charles Schwab account that he did not do.

20. N.G. was contacted by investigators and stated that he never opened account #5917-4502 at Charles Schwab, nor did he give anyone permission to open

the account on his behalf.  N.G. also stated that he did not authorize N.G. stated that the information used to open the account was unknown to him, except for his full name and date of birth.  The social security number had the first five digits correct, but the last four digits were incorrect.  N.G. also stated he also did not open the Gmail account or the Verizon Wireless account that were under his name.

21. During the First Circuit Court incident, TUIKOLONGAHAU established control over Verizon Wireless number (808) 285-1376 by self-reporting the number as point-of-connect telephone number on the bail receipts for the parties.  TUIKOLONGAHAU would proceed to use (808) 285-1376 in the Charles Schwab incident using N.G.'s means of identification, in which four separate customer service call recordings were identified.  Toll records from (808) 285-1376 were reviewed and show successful call connections to Charles Schwab customer service, (808) 435-4000, on December 14 and 15, 2020.

22. On July 11, 2022, Anika Therapeutics, INC. was contacted by this affiant.  On July 12, 2022 Anika Therapeutics, INC. responded that TUIKOLONGAHAU was never employed by Anika Therapeutics, INC. or otherwise authorized to take any action on its behalf.

23. At all times relevant to this Complaint, Bank 1, Bank 2, and Bank 3 were financial institutions as defined by 18 U.S.C. § 20 and insured by the Federal Deposit Insurance Corporation.

## CONCLUSION

24. Based on the foregoing facts, I respectfully submit that probable cause exists to believe that SAMUELA TUIKOLONGAHAU, JR., the defendant, committed the aforementioned offenses.

Respectfully submitted,

Jacob Obermiller
Special Agent
United States Secret Service

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 4:32 p.m. on July 18, 2022.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2) this 18th day of July, 2022, at Honolulu, Hawaii.

Rom A. Trader
United States Magistrate Judge

United States v. Samuela Tuikolongahau, Jr.
Criminal Complaint
Mag. No. 22-1229 RT